(110 App. Div. 660.)

BAKER v. BAKER et al.

(Supreme Court, Appellate Division, First Department. January 26, 1906.)

1. INSURANCE—ACTIONS ON POLICIES—CONFLICTING CLAIMS—BURDEN OF PROOF.

In an action involving the respective claims of insured's administratrix, and of his son to insurance money where the policies were on their face payable to insured's personal representative, the burden was on the son to establish his claim that the policies were issued in lieu of lapsed policies surrendered by insured, in which the son had a vested right of which he could not be deprived by the act of insured in changing the beneficiary.

2. SAME—PRESUMPTIONS.

While it is presumed, in the absence of proof as to the contents of a life insurance policy, that the issuance of the policy payable to a beneficiary named therein, creates an interest in the proceeds in favor of the beneficiary, yet such presumption cannot prevail over the presumption in favor of the legality of the act of the insurance company in issuing in lieu of such policy apparently valid policies payable to a different beneficiary.

3. SAME—SUFFICIENCY OF EVIDENCE.

On an issue as to the right to the proceeds of paid-up insurance policies issued in lieu of lapsed policies, evidence that defendant was designated as beneficiary in a change of beneficiary certificate sent by insured to insurer during the life of the original policies, did not establish a vested interest in defendant in the proceeds of the original policies such as to preclude the designation of a different beneficiary in the substituted policies, where it appeared that the change of beneficiary certificate was not conclusive on the rights of the person named therein, but the insurer reserved to itself to determine on the death of insured whether such person was properly designated as beneficiary, and there was no evidence that the original policies did not authorize insured to change the beneficiary at will.

Patterson, J., dissenting.

Appeal from Special Term, New York County.

Action by Mary Baker, as administratrix of Adam Baker, deceased, against Charles Baker, impleaded with the Metropolitan Life Insurance Company. From a judgment in favor of defendant Baker, plaintiff appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, LAUGHLIN, and HOUGHTON, JJ.

John McG. Goodale, for appellant.
Leonard J. Langbein, for respondent.

O'BRIEN, P. J. This action is brought to recover the amount due under three policies of insurance issued by the defendant, The Metropolitan Life Insurance Company, upon the life of Adam Baker, now deceased. The proceeds of these policies are claimed by two persons— the plaintiff, who is the administratrix and wife of the insured, and the defendant Charles Baker, his son by a former wife. The insurance company stands ready to pay the money to whichever claimant is found by the court to be entitled thereto, so that the real issue presented is between the plaintiff and the defendant Charles Baker. The three policies which are the basis of plaintiff's claim were issued in 1894,

and made payable to the administrator or executor of the insured. As no question is raised concerning the appointment and qualification of the plaintiff as his administrator, she has prima facie established her right to the proceeds of the policies; but the defendant Charles Baker alleges that prior to their issuance by the company he had acquired a vested interest in three former policies issued by the same company upon the life of Adam Baker, the surrender of which was the consideration for the issuance of the 1894 policies; that having such vested interest he could not be deprived of it without his consent by the act of the insured in changing the beneficiary, and therefore that the present policies are void.

This is an affirmative defense. To sustain it the burden rested on Charles Baker. He was bound to establish by a preponderance of evidence that the 1894 policies, although valid upon their face, are ineffectual, and their issuance was unauthorized, because in derogation of his vested right in the previous policies, for which the present ones were substituted. In other words, the burden rested upon him of establishing all the facts necessary to avoid the present policies. The trial court held that he had established this defense, but with this conclusion we are unable to agree. From the record before us it appears that in 1884 and 1885, the insurance company issued three policies upon the life of Adam Baker. These policies have been destroyed or lost, and the evidence is very unsatisfactory concerning the provisions which they contained. It was shown, however, that in his applications, the insured named as beneficiary Rose Baker, his then wife, and the mother of the defendant Charles Baker, but the witness Frothingham, assistant manager of the law and claim division of the insurance company testified, without contradiction, that the policies themselves did not mention the name of the beneficiary. Rose Baker subsequently died, and thereafter the insured sent to the company a certificate entitled "Change of Beneficiary," in which he certified that he was the person insured, and had personally paid all premiums theretofore payable on the policies, and he requested and authorized the company, in the event of his death, to pay over the proceeds thereof to Charles Baker, his son, instead of the person designated in the applications for the policies. It appears from the undisputed testimony that it was the custom of the company upon receiving such certificates to return them if it rejected the proposed change of beneficiary; otherwise, to attach them to the policy, and take no further action thereon until after the death of the insured, when, if a claim was made by the person named in the certificate, the company would then act as it deemed proper under the circumstances. It further appears, however, that although a certificate might not be returned, its retention did not necessarily mean that the company approved the change of beneficiary, or that it would, upon the death of the insured, pay the amount of the policy to the person named in the certificate, as such person would not always be deemed to be the beneficiary under the policy. While matters were in this situation the three original policies lapsed by reason of the nonpayment of premiums, and thereafter, in 1894, the new policies now in question were issued, payable to the insured's executors and administrators.

Upon these facts the trial court held that Charles Baker had a vested interest in the original policies of insurance, which interest attached to the three paid up policies issued in 1894, and that he was therefore entitled to receive the proceeds thereof. With this conclusion, as already indicated, we are unable to agree, although we are not unmindful of the principle stated in Griswold v. Sawyer, 125 N. Y. 411, 26 N. E. 464, quoted with approval by the Court of Appeals in the recent case of Leonard v. Harney, 173 N. Y. 352, 66 N. E. 2, that:

"It is elementary law that where the policy is for the benefit of persons named therein to whom the sum insured is payable, it cannot be assigned without the consent of the persons named and all of them. The insured may destroy the policy by omitting to pay the premiums and thus failing to keep it in life, but he cannot impair the interests of the persons named as beneficiaries by a surrender or assignment thereof."

In the present case the original policies are not produced. They have been lost or destroyed and no evidence was given as to their contents which tends to show the rights or either the insured or the beneficiary therein. While in the absence of such proof a presumption arises that a life insurance policy payable to a beneficiary named therein created an interest in favor of such beneficiary, still such a presumption in the present case cannot override the fact that the company has issued new policies valid upon their face which would be void if such prior vested right existed. It cannot be presumed that the company acted illegally and without warrant in issuing the new policies; the more natural presumption being that the company and the insured did what under the provisions of the lost policies, they had the right to do. The only evidence produced as to the contents of the original policies is that there was a provision in them to the effect that the production by the company of the policies and a receipt for the payment of the amount due thereunder would be conclusive evidence that the same had been "paid to and received by the person or persons legally entitled to the same." But this did not in any way define the rights of the insured or the beneficiary under the contract itself; it simply was a covenant affording protection to the company when it had paid the amount due thereunder. The only other material provision of the policies established by the evidence was one to the effect that they would be void after nonpayment of premiums for a specified time. Apart from the presumption arising from the fact that Charles Baker was named as beneficiary in the certificate, there is no evidence to show that he had any interest under the original policies. They may have contained a provision entitling the insured to change the beneficiary whenever and to whomsoever he wished, which would be consistent with the fact that the company thereafter issued the policies of 1894 payable to the executors and administrators of the insured. If they did contain such a provision then Charles Baker would have no right to share in the proceeds, and the court cannot assume in the absence of evidence that such a provision did not exist.

The particular fact which seems to have been relied upon by the Special Term in reaching the conclusion that Charles Baker had a vested interest in the former policies, which attached to the new ones

when issued, was the fact as stated, that he was named as beneficiary in the certificate referred to, but if this is conclusive as showing that after naming Charles as beneficiary the insured had exhausted his power to change the beneficiary, then why, by a like process of reasoning, should it not be held that the power of selecting a beneficiary was exhausted when the wife was named? It may be assumed, however, although no testimony was given on that subject, that upon the death of the wife, her interest in the policy ceased, and a new beneficiary could properly have been designated by the insured; but this does not help the respondent Charles Baker, for the certificate made by the insured after the death of his first wife, does not tend to prove that thereafter he had not the right to again change the beneficiary. Furthermore, the uncontradicted evidence shows that such a certificate did not in and of itself effect a change of beneficiary so as to give the person named, an interest in the policy. On the contrary, the company reserved to itself the right to determine, upon the death of the insured, whether such person was or was not properly designated as beneficiary; and the inference from the testimony of Frothingham is that there might be cases where the beneficiary named by the insured in the certificate would not be a proper one under the terms of the policy. In the absence of proof, therefore, to sustain it, the court cannot indulge in a presumption that would in effect set aside and annul subsequent policies issued by the company and valid upon their face.

For these reasons we think that Charles Baker failed to establish his interest in the proceeds of the policies now before the court, and therefore, that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur except PATTERSON, J., who dissents.